The opinion of the Court (excepting the Chief Justice, who, having been of counsel, did not sit in the cause) was afterwards delivered by
Sedgwick, J.
[After reciting the facts, as before detailed.] The question arising in this case is between the creditors of Andrews generally, and one of them, the Salem Insurance Company, Who is entitled to the money ?
* We have been disposed, if we could have done it [*312] consistently with the rules of law, to give validity to the agreement between Andrews and the defendant; because we be *276 lieve it was a fair and honest transaction. But when we consider that the parties themselves, at the time of the agreement, contemplated an assignment which was never made, as the completion and evidence of their contract; that no memorandum in writing was at the time made of the agreement; that neither of the dividends had ever been made or credited by the defendant to the insurance company, although one of them had been received by him before Andrews became a bankrupt, —we think that to sanction such loose, incomplete, and unexecuted contracts, in the cases of bankruptcy and insolvency, would authorize practices extremely mischievous. We think, therefore, that the verdict must stand.

Judgment according to the verdict, 

(a)

 [It does not appear, from the facts reported, that the agreement was intended to depend upon any memorandum of it in writing. And certainly no writing was necessary to give such an agreement validity. — Curtis vs. Morris, 8 Pick. 280.—Jones vs Witter, 13 Mass. Rep. 304. — Dunn vs. Snell, 15 Mass. Rep. 485. — Titcomb vs. Thomas, 5 Gr. 282. — Clark vs. Rogers, 2 Gr. 147. — Ford vs. Stuart, 19 Johns. 342. — Quinn vs. Marblehead Insurance Company, 10 Mass. Rep. 476. — Briggs vs. Dorr 19 Johns 95. —Prescott vs. Hall. 17 Johns. 284. — Robbins vs. Bacon, 3 Gr. 349.—Vose vs. Handy, 2 Gr. 342. — Onion vs. Paul, 1 Har. & Johns. 114. — Mowry vs. Todd, 12 Mass. Rep. 284. — Ed.]